# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**JOHN CARMICHAEL,**

      **Plaintiff,**

**VS.**                    **Case No. 4:16cv238-RH/CAS**

**JULIE JONES,**
**DR. ACOSTA,**
**WARDEN J. SOREY,**
**and CORIZON HEALTHCARE,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding pro se, submitted a civil rights

complaint, ECF No. 1, and motion for preliminary injunction and/or

protective order, ECF No. 2, on April 21, 2016.  Plaintiff paid the filing fee

for this case.  ECF No. 4.

In a separate Order entered this day, the complaint, ECF No. 1, was

reviewed as required by 28 U.S.C. § 1915A.  Plaintiff alleged that an

Ophthalmologist recommended that he have corrective surgery for

cataracts.  ECF No. 1 at 4.  The recommendation was denied by an

unknown source, but the complaint alleged that it was denied because

"Plaintiff did not 'meet the criteria' for surgery to correct his cataracts."  *Id.*

That states a plausible claim, but not against all named Defendants.

Plaintiff was directed to file an amended complaint.

As for the motion for a preliminary injunction and/or protective order,

ECF No. 2, Plaintiff seeks an order which will "ensure that he receives

treatment for his serious medical condition."  ECF No. 2 at 1.

Granting or denying a preliminary injunction is a decision within the

discretion of the district court.  Carillon Importers, Ltd. v. Frank Pesce

Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United

States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)).  Preliminary

injunctive relief may be granted only if the moving party establishes:

> (1) a substantial likelihood of success on the merits;
>
> (2) a substantial threat of irreparable injury unless the injunction
> issues;
>
> (3) the threatened injury to the movant outweighs whatever
> harm the proposed injunction may cause the opposing party;
> and
>
> (4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon

Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720

F.2d 1511, 1519 (11th Cir. 1983).  A preliminary injunction is an

extraordinary and drastic remedy and should not be granted unless the

movant "clearly carries the burden of persuasion" of all four prerequisites,

which is always upon the plaintiff.  Siegel v. LePore, 234 F.3d 1163, 1176

(11th Cir. 2000); Jefferson Cnty., 720 F.2d at 1519 (citing Canal Auth. v.

Callaway, 489 F.2d 567 (5th Cir. 1974)).

Because Plaintiff's original complaint has been found insufficient to

properly state a claim against all Defendants and Plaintiff has been

required to submit an amended complaint, Plaintiff has correspondingly

failed to meet the prerequisites for injunctive relief.

In addition, it cannot be said that Plaintiff faces a "substantial

likelihood of success."  Deliberate indifference to the serious medical needs

of sentenced prisoners violates the Eighth Amendment's prohibition of

cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 97 S. Ct.

285, 50 L. Ed. 2d 251 (1976).  However, a "simple difference in medical

opinion between the prison's medical staff and the inmate as to the latter's

diagnosis or course of treatment support a claim of cruel and unusual

punishment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991),

citing Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989). *See also*

Johnson v. Stephan, 6 F.3d 691, 692 (10th Cir. 1993). For example, in

Estelle, the prisoner received treatment for his back injury (bed rest,

muscle relaxants and pain relievers), but complained that more should

have been done in the way of diagnosis, such as an X-ray or other tests.

The Court rejected this as a basis for liability:

> But the question whether an X-ray--or additional diagnostic
> techniques or forms of treatment--is indicated is a classic
> example of a matter for medical judgment.  A medical decision
> not to order an X-ray, or like measures, does not represent
> cruel and unusual punishment.

429 U.S. at 107, 97 S. Ct. at 293.  Here, it is not evident that Plaintiff's

dispute amounts to anything more than his disagreement with a medical

decision.  If the "criteria" used to determine whether surgery is necessary is

based on Plaintiff's medical needs, his claim likely will not succeed.  In the

alternative, if the "criteria" uses a cost-analysis independent of Plaintiff's

medical needs, he has a plausible claim.  On this record, and at this stage

of the litigation, it is not "significantly likely" that this claim will succeed.

Furthermore, "[a] showing of irreparable injury is 'the sine qua non of

injunctive relief.' " Northeastern Florida Chapter of Ass'n of Gen.

Case No. 4:16cv238-RH/CAS

Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th

Cir. 1990); Siegel, 234 F.3d at 1176 (quoted in Jernard v. Commissioner,

Ga. Dep't of Corrs., 457 F.App'x 837, 839 (11th Cir. 2012).  Plaintiff's

requests for relief in the complaint include compensatory damages of

$50,000.00 from each Defendant.  ECF No. 1 at 8.  The availability of such

damages means there cannot be a finding of irreparable injury.  The

unavailability of an adequate remedy at law is essentially a prerequisite to

a finding of irreparable injury.  Jefferson Cnty., 720 F.2d at 1520 (finding

"[t]he possibility that adequate compensatory or other corrective relief will

be available at a later date, in the ordinary course of litigation, weighs

heavily against a claim of irreparable harm.").  Thus, failing to issue an

injunction in this case would not constitute a "substantial threat of

irreparable injury."

**RECOMMENDATION**

For all these reasons, it is respectfully **RECOMMENDED** that

Plaintiff's motion for preliminary injunction and/or protective order, ECF No.

2, be **DENIED** and this case be **REMANDED** to the undersigned for further

proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 23, 2016.

Case No. 4:16cv238-RH/CAS

s/      Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.   A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:16cv238-RH/CAS